UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| RICHARD CATALANO, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT<br>)<br>) |
| v. | ) CASE NO. 1:18-CV-2877<br>) |
| DIVERSIFIED CONSULTANTS, INC. | )<br>)<br>) |
| | ) **JURY DEMAND** |
|     Defendant. | ) |

## COMPLAINT

Now comes RICHARD CATALANO ("Plaintiff"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Northern District of Ohio.

5. Defendant is a third-party debt collector with its principal place of business at 10550 Deerwood Park Blvd., Jacksonville, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In early October, 2018 or thereabouts, Defendant began calling Plaintiff on his personal cell phone regarding to a purported debt incurred with Spectrum for cable television or internet services.

8. Whenever Plaintiff answered a call he received from Defendant, there was a significant delay between his accepting the call and an agent of Defendant coming onto the line.

9. On information and belief, Defendant's calls to Plaintiff were placed using an Automated Telephone Dialing System ("ATDS").

10. After speaking to one of Defendant's agents and learning that Defendant contended Plaintiff owed money on a delinquent Spectrum account, Plaintiff contacted Spectrum to inquire about the situation.

[ 2 ]

11. Spectrum informed Plaintiff that it had no record of a delinquent account in his name, and that it did not have a record of any delinquent accounts associated with his home or his other properties.

12. After learning this, Plaintiff answered several other calls from Defendant. On at least two of these calls he asked Defendant to stop calling him.

13. Plaintiff's first request that Defendant stop calling him was made, at the latest, in early November, 2018.

14. Despite Plaintiff's requests to stop calling, Defendant continued calling Plaintiff.

15. In conversations with Plaintiff, Defendants agents have threatened that if he fails to make payments on the purported debt Plaintiff will face a lawsuit to recover the balance.

16. Defendant's agents have further threatened to send legal process to Plaintiff's home to initiate such a lawsuit.

17. To date, Plaintiff has received nothing from Defendant, whether in the mail or by personal service.

18. On information and belief, Defendant has not sent Plaintiff the notice required by 15 U.S.C. 1692g, commonly known as a "1692g notice."

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff realleges the paragraphs above as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, being in this case a debt for cable television or internet service.

### a. Violation of FDCPA § 1692e(2)(A).

24. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. Specifically, § 1692e(2)(A) prohibits a debt collector from making a "false representation of—the character, amount, or legal status of any debt."

26. Defendant violated this section when it stated that Plaintiff owes on a debt initially occurred with Spectrum when, in reality, Plaintiff owes no such debt.

27. Defendant therefore violated § 1692e and caused Plaintiff worry, stress, and aggravation.

### b. Violation of FDCPA § 1692f(1).

28. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Specifically, § 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

30. Defendant violated this section when it attempted to collect from Plaintiff on a debt purportedly incurred with Spectrum that Plaintiff did not, in reality, owe.

31. Defendant therefore violated § 1692f and caused Plaintiff worry, stress, and aggravation.

### c. Violation of FDCPA § 1692g.

32. The FDCPA, pursuant to 15 U.S.C. § 1692g, requires each new debt collector to send a written notice explaining certain rights under the FCDPA with, or within five days of, their initial communication with a consumer. *Wright v. Ocwen Loan Servicing, L.L.C.*, 2013 WL 5532687, at *13–14 (E.D. Mich. Oct. 7, 2013); *Turner v. Shenandoah Legal Group, P.C.*, 2006 WL 1685698, at *11 (E.D.Va. June 12, 2006).

33. Plaintiff has not received any mailings from Defendant.

34. Defendant violated § 1692g when, following its initial telephone conversation with Plaintiff in or around early October, 2018, Defendant failed to send the required § 1692g notice by mail within five days. Defendant's failure to comply with the requirements of § 1692g prevented Plaintiff from learning of his rights and thereby magnified the confusing and worrying effect of Defendant's collection calls.

## COUNT II – VIOLATIONS OF THE TCPA

35. Plaintiff realleges the above paragraphs as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using an ATDS without their consent. The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant's calls to Plaintiff each featured a long pause after Plaintiff answered and before Defendant's agent came on the line.

38. Such pauses are characteristic of the use of an ATDS.

39. Upon information and belief, Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.

40. At no time did Plaintiff give prior express consent to Defendant permitting it to contact him via an ATDS.

41. Any purported consent that the Plaintiff may have given to the original creditor was revoked by Plaintiff's demand that Defendant cease contacting him.

42. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent.

43. Defendant's use of an autodialer to contact Plaintiff after he asked Defendant to stop calling was knowing and willful.

### COUNT III — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

44. Plaintiff realleges the paragraphs above as though fully set forth herein.

45. R.C. 1345.09(B) grants Plaintiff a private right of action for damages where the Defendant has violated R.C. 1345.02, and "[w]here the violation was an act or practice determined by a court of this state to violate section 1345.02 . . . of the Revised Code and committed after the decision containing the determination has been made available for public inspection."

46. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

47. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016).

48. Defendant's acts were committed in connection with a "consumer transaction" because it was collecting on a debt for cable television or internet service.

   a. **Violations of the Fair Debt Collection Practices Act.**

49. Violating the enumerated provisions of the FDCPA is an act or practice previously determined by Ohio courts to violate R.C. 1345.02. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

50. Such decisions have been made available for public inspection. *See, e.g.*, Ohio Attorney General Public Inspection File #2653, *available at* http://opif.ohioattorneygeneral.gov/opifimages/PIF2653.pdf.

51. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

52. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation in the amount of $200 *per violation of the FDCPA*, plus up to $5,000 in noneconomic damages per violation, plus reasonable attorney fees. R.C. 1345.09(B) & (F).

53. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

### b. Violation of the Telephone Consumer Protection Act.

54. Violations of the TCPA (at least to the extent that they are unfair, deceptive, or unconscionable) are violations of the CSPA. *See, e.g.*, *Ambrose v. Prime Time Enterprises*, No. CV 04 547298, 2005 WL 646147, at *1 (Ohio Com. Pl. Feb. 23, 2005); *Tower City Title Agency, Inc. v. Phillips*, 2008-Ohio-957, ¶ 5 ("Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.").

55. Defendant violated the CSPA by using an ATDS in violation of the TCPA, as set forth above.

56. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

57. Defendant's actions were unfair, deceptive, and unconscionable under the CSPA because they were intended to harass Plaintiff and intimidate him into making payments.

58. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for each and every violation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages up to $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

**e.** Awarding Plaintiff damages in the amount of $500 for each call made in violation of the TCPA;

**f.** Awarding Plaintiff treble damages for willful or knowing violations by Defendant of the TCPA;

    **g.**    Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

    **h.**    Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

    **i.**    Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

Dated: December 14, 2018

By: s/ Geoffrey Parker
Geoffrey Parker (0096049)
10400 Blacklick-Eastern Rd NW, Ste. 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
www.hiltonparker.com
*Attorney for Plaintiff*